UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20203-BLOOM/Louis

INNOVATIVE SPORTS MANAGEMENT, INC.
d/b/a INTEGRATED SPORTS MEDIA,

     Plaintiff,

v.

ROBERTO SULCA, individually and as officer,
director, and shareholder and/or principal of
Barrunto Restaurant Corp., and
BARRUNTO RESTAURANT CORP.,

     Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Innovative Sports Management, Inc.'s ("Plaintiff") Motion for Default Judgment, ECF No. [16] ("Motion"), filed on June 5, 2020. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part and denied in part.

Plaintiff initiated this action on January 16, 2020, asserting one count of copyright infringement pursuant to 17 U.S.C. § 501. ECF No. [1]. Summonses were issued as to Defendants Roberto Sulca and Barrunto Restaurant Corp. (collectively, "Defendants") on January 17, 2020. ECF No. [3]. Service of the summons and Complaint was executed on both Defendants on February 5, 2020, setting a response deadline of February 26, 2020. ECF No. [7]. After Defendants failed to timely respond to the Complaint, Plaintiff moved for an entry of Clerk's Default against Defendants, ECF Nos. [9] & [10], which the Clerk of Court entered on March 12, 2020, ECF No.

[12]. Upon the Clerk's entry of default against Defendants, the Court issued an Order on Default Judgment Procedure, requiring that Plaintiff file a Motion for Default Final Judgment. ECF No. [13]. To date, Defendants have neither moved to set aside the Clerk's Default nor filed any other paper in response to this Court's orders. Thus, on June 5, 2020, pursuant to this Court's Order, Plaintiff timely filed the instant Motion. ECF No. [16].

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). This Circuit maintains a "strong policy of determining cases on their merits and [] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1]

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citations omitted)); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Moreover, although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Const. Co.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Thus, "[b]efore entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Westgate Resorts, Ltd. v. Castle Law Grp., P.C.*, No. 6:17-cv-1063-Orl-31DCI, 2020 WL 264676, at *1 (M.D. Fla. Jan. 2, 2020) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206), *report and recommendation adopted*, No. 6:17-cv-

1063-Orl-31DCI, 2020 WL 264134 (M.D. Fla. Jan. 17, 2020).

As an initial matter, the Court notes that the Motion appears to request "the entry of default judgment under 47 U.S.C. § 605(a) on COUNT I and under 17 U.S.C. § 501(a) on COUNT III of the Plaintiff's Complaint against the Defendants . . . ." ECF No. [16] at 1. Yet, as noted above, Plaintiff's Complaint only asserts one count of copyright infringement. Accordingly, to the extent that Plaintiff requests relief beyond that requested in the Complaint—namely, relief pursuant to 47 U.S.C. § 605(a)—the Motion is denied. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (Before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.").

Nevertheless, upon review of Count I of Plaintiff's Complaint, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiff's favor on the sole asserted claim of copyright infringement. ECF No. [1] at 5-8. Because Defendants have not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's copyright infringement allegations to be well-pled and sufficient to establish Defendants' liability. Moreover, by default, Defendants have admitted the truth of these allegations and, accordingly, the Court finds that Plaintiff has established its claims against the Defendants.

"Even though well-pleaded facts in the complaint are deemed admitted, 'plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.'" *Cain v. Consumers Sols. Grp., LLC*, No. 2:16-cv-2031-VEH, 2017 WL 3131053, at *3 (N.D. Ala. July 24, 2017) (quoting *Atl.*

*Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala. 2007); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Commercial Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005)).

Pursuant to 17 U.S.C. § 504(c), Plaintiff has elected to recover an award of statutory damages for its copyright infringement claim. Section 504(c) provides that a copyright owner may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $750.00 or more than $30,000.00 as the court considers just. 17 U.S.C. § 504(c)(1). In addition, if the Court finds that Defendants' copyright infringement was willful, it may impose damages above the maximum limit up to a sum of not more than $150,000.00. 17 U.S.C. § 504(c)(2).

The Court has wide discretion to set an amount of statutory damages. *Tiffany (NJ), LLC v. Liu Dongping*, No. 10-61214-CIV, 2010 WL 4450451, at *6 (S.D. Fla. Oct. 29, 2010). An award of statutory damages is appropriate, because statutory damages may be elected whether or not there is adequate evidence of the actual damages suffered by Plaintiff or of the profits reaped by Defendants. *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). "A rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels

restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).

The evidence in this case demonstrates that Defendants infringed Plaintiff's registered copyright. *See* ECF No. [1]; ECF Nos. [16-1], [16-2], [16-3], [16-4], & [16-5]. In addition, the allegations in the Complaint, which are taken as true, clearly establish Defendants intentionally infringed Plaintiff's copyrighted material for the purpose of deriving the benefit of the value of Plaintiff's copyrighted works in order to drive patrons to their restaurant for profit. Plaintiff suggests that the Court award $10,000.00 for non-willful infringement, and that the Court award treble damages in the amount of $30,000.00 for the establishment of willfulness, given Defendants' default on Plaintiffs' allegations of willfulness. The result would be a total statutory damage award of $40,000.00 against the Defendants jointly and severally. The award is sufficient to deter Defendants and others from continuing to infringe Plaintiff's copyrights, compensate Plaintiff, and punish Defendants. *See Affordable Aerial Photography, Inc. v. Villa Valentina Realty LLC*, No. 17-81307-CIV, 2018 WL 8129826, at *4 (S.D. Fla. June 7, 2018) ("Specifically, when an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of two to three times actual damages to fully compensate Plaintiff and adequately deter future conduct like that of the Defendant."). The Court finds that this award of statutory damages falls within the permissible statutory range under 17 U.S.C. § 504(c) and is just.

Plaintiff further requests attorney's fees in a total amount of $1,485.00 billed by attorney Alan D. Danz, Esq.

> Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award reasonable attorney's

>fee to pay the prevailing party as part of the costs." Attorneys' fees "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). As with all fee petitions, the moving party has the burden of demonstrating that its fee request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). According to the Eleventh Circuit, the only two statutory requirements for an award of attorney's fees are that the fee award should be made to the prevailing party, and that the amount should be reasonable. *Network Prods., Inc.*, 902 F.2d at 853. The Supreme Court has put forth a "nonexclusive list of factors to consider when determining whether to award a prevailing party attorney's fees under § 505, including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Microsoft Corp. v. Tech. Enters., LLC*, No. 06-22880, 2011 WL 13174758, at *3 (S.D. Fla. Sept. 7, 2011) (quoting *Fogerty*, 510 U.S. at 534 n.19).

*Affordable Aerial Photography, Inc.*, 2018 WL 8129826, at *5; *see also Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1292 (11th Cir. 1988) ("For decades the law in this circuit has been that [t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . .").

In *Norman*, the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees. First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Norman*, 836 F.2d at 1299; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The party who applies for attorney's fees bears the burden

of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303.

After calculating the lodestar fee, the Court then proceeds with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the Court may depend upon a number of factors, including the quality of the results, and representation in the litigation. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id*. (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed Plaintiff's requested attorney's fees and accompanying exhibits. In determining the appropriate hourly rate for Plaintiff's attorneys, the Court considers the factors elucidated in *Norman*, case law, as well as its own knowledge and experience. In the opinion of the Court, in light of the above factors, and Defendant's failure to object, the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) ("Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'"). The hourly rate charged ($270) is not excessive. The Court further concludes that because Plaintiff achieved the full measure of success sought, the results obtained were "excellent" and thus, the award of fees "will encompass all hours reasonably expended on the litigation . . . ." *Hensley*, 461 U.S. at 435.

Plaintiff also seeks $800.00 in taxable costs, comprised of a $400.00 service of process fee and a $400.00 filing fee. In support of these requests, Plaintiff attaches an invoice for legal services performed and payment records associated with the other costs incurred. ECF No. [16-2]. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted by*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge

regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

Based upon a review of the materials submitted by Plaintiff, the Court finds that the requested costs are reasonable and recoverable. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C. § 1920(1) which permits taxation of "[f]ees of the clerk and marshal, and noting that copy costs necessarily obtained for use in a case are recoverable). Accordingly, Plaintiff is entitled to recover $800.00 in taxable costs, including the $400.00 service of process fee and the $400.00 filing fee.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Request for Motion for Default Judgment, **ECF No. [16]**, is **GRANTED in part and DENIED in part**.
2. Default Final Judgment is entered in favor of Plaintiff and against the Defendants as to Count I of Plaintiff's Complaint, the claim of copyright infringement.
3. Statutory damages of **$40,000.00** are awarded in favor of Plaintiff and against the Defendants jointly and severally.
4. Plaintiff is awarded **$1,485.00** in attorney's fees.
5. Plaintiff is further awarded **$800.00** in taxable costs.
6. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Default Final Judgment.

Case No. 20-cv-20203-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 12, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Roberto Sulca
1220 NW 69th Street
Miami, FL 33147

Barrunto Restaurant Corp.
4085 E 8th Avenue
Hialeah, FL 33013

11